IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALAN L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 05-3312 |
| | ) |
| THE CITY OF SPRINGFIELD, | ) |
| ILLINOIS, a Municipal | ) |
| Corporation, | ) |
| | ) |
| Defendant. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's motion to dismiss the Plaintiff's complaint.

I. FACTUAL ALLEGATIONS

Plaintiff Alan L. Jones, a police patrol officer for Defendant City of Springfield, Illinois, claims that he was discriminated against because of his race when he was passed over for promotion to the rank of sergeant. The Plaintiff has filed complaint pursuant to Title VII of the Civil Rights Act, 42

1

U.S.C. § 2000e et seq.

The Plaintiff, a Caucasian, has worked as a police patrol officer with the City since May 22, 1995.  In October 2001, as a result of a competitive examination, the Plaintiff was placed on the sergeant's promotional eligibility roster.  The roster was scheduled to expire in October 2003. Through its Civil Service Commission, the City extended the expiration date of the eligibility roster to October 5, 2004.

In September and early October 2004, the Plaintiff ranked fourth on the eligibility roster for promotion.  The individual ranking third was Ralph Harris, an African-American.  In September 2004, five vacant sergeant positions arose because of retirements within the police department.

On October 1, 2004, the City promoted the first three individuals on the eligibility roster to the rank of sergeant.  Accordingly, the City was able to reach Ralph Harris and promote him to the rank of sergeant.  The City could not have promoted Harris unless it promoted the two individuals who ranked higher than him on the eligibility roster.  At the time Harris was promoted, there remained at least one other vacant sergeant position which

2

would have gone to the Plaintiff. The City did not promote the Plaintiff to the vacant position prior to the examination of the eligibility roster on October 5, 2004.

The Plaintiff alleges that on at least two earlier occasions the City, in order to promote an African-American to the rank of sergeant, selected an African-American on the eligibility roster when it became aware that the incumbent intended and was about to retire. Nonetheless, it did not follow this practice with respect to the Plaintiff. Accordingly, the Plaintiff was not offered a promotion to the rank of sergeant prior to the expiration of the eligibility roster. On this basis, he alleges that he was treated differently and less favorably than African-Americans. The Plaintiff claims that he was denied promotion when an otherwise similarly situated African-American employee was promoted, in violation of 42 U.S.C. § 2000e-2.

## II. ANALYSIS

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Ledford v.

Sullivan, 105 F.3d 354, 356 (7th Cir. 1997). A complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. (citations omitted). A plaintiff basically needs only to plead claims for relief. See Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005). "[F]actual details and legal arguments come later." Id.

In support of its motion to dismiss, the City contends that the Plaintiff has failed to allege a prima facie case of reverse discrimination pursuant to the McDonnell-Douglas burden-shifting framework. The City claims that there is nothing which prohibits it from declining to fill a vacancy. Moreover, neither the Plaintiff nor any other patrol officer, regardless of race or gender, has a right to a position because of an alleged vacancy.

The City further notes that two of the three individuals who were promoted to the rank of sergeant because of existing vacancies were white;[1] Ralph Harris was the one African-American who was promoted. The City

---

[1] The City states that Bradford Zook and Lon Crook were the white patrol officers who were promoted.

4

asserts that the Plaintiff assumes that two white patrol officers were promoted to the rank of sergeant so that the City could promote Harris as well.  The City contends that this is contrary to the Plaintiff's assertion that all three were promoted because of existing vacancies, "but more importantly the Plaintiff fails to state a cause of action based on disparate treatment."

The City alleges that the Plaintiff's contentions imply that it could never promote an African-American because to do so would be discriminatory if those behind him on the promotional list were white.  The City further contends that even assuming that it engaged in the practice alleged by the Plaintiff, it was applied to all patrol officers on a uniform basis.  Finally, the City asserts that because the Plaintiff failed to allege facts that he and Ralph Harris were similarly situated, he has failed to allege a set of facts which would entitle him to relief.

In response to the motion, the Plaintiff alleges that his complaint satisfies the standards of Rule 8 of the Federal Rules of Civil Procedure. The Plaintiff contends that because racial discrimination in employment is

5

"a claim upon which relief can be granted," a complaint need only state that a plaintiff was turned down for a job because of his race in order to survive a motion to dismiss for failure to state a claim. The Plaintiff is correct.

In contending that the complaint should be dismissed, some of the City's arguments include phrases such as "The Plaintiff failed to allege . . ." or "The Plaintiff failed to assert facts . . ." However, a litigant need not present evidence or allege any facts at this stage. "Any district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" Doe, 429 F.3d at 708 (emphasis in original). "Any decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed. R. Civ. P. 9(b)." Kolupa v. Roselle Park District, 438 F.3d 713, 715 (7th Cir. 2006).[2] None of the allegations which the City claims the Plaintiff's complaint lacks are required at this stage of the

---

[2]Rule 9(b) provides in pertinent part, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The City does not suggest that the Plaintiff has failed to properly allege fraud or mistake.

litigation.

The Plaintiff basically needs only to state a legal conclusion. By claiming that he was the recipient of discriminatory treatment in employment because of his race in violation of Title VII, the Plaintiff has satisfied the notice pleading standard. The City's argument that the Plaintiff is not similarly situated to another employee is premature.

Ergo, the Defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Plaintiff's complaint [d/e 7] is DENIED. The parties are Directed to contact United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: March 27, 2006

                FOR THE COURT:

                              s/Richard Mills
                              United States District Judge